**MUAGUTUTIA FAATAMALA, Plaintiff**

**v.**

**FAIMALO of Pavaiai, Defendant**

No. 62-1961

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Laloata" in Pavaiai]

January 10, 1962

Muagututia Faatamala *pro se.*
Lolo, Counsel for Faimalo.

OPINION OF THE COURT

MORROW, *Chief Judge.*

Faimalo filed his application with the Registrar of Titles to have certain land in the Village of Pavaiai registered as

237

his individually-owned property. Muagututia Faatamala filed an objection to the proposed registration claiming that the land was the communal family land of the Muagututia Family. Faimalo filed a survey of the property proposed to be registered with his application. The Court viewed the land in the presence of the parties on the day preceding the hearing.

This case arose in this way: There was a church dedication in Pavaiai in 1960. The Faimalo Family had many aiga from various places in both American and Western Samoa who expected to attend the dedication. Under Samoan customs they would be the guests of the Faimalo Family during the dedication. The Faimalo Family did not have the money necessary to provide the entertainment for the guests. Through Faimalo the family made arrangements with Otto Haleck whereby Otto would furnish food and other necessities for the entertainment to the value of $500.00, taking back as security an oral mortgage on the land sought to be registered. There was no expectation that the loan would be paid off with money. Instead, Faimalo was to get the land registered and then convey it to Otto in satisfaction of the debt. If Faimalo could get the land registered as his individually-owned property, it would not be necessary for him to get the consent of the family to the conveyance. On the other hand, if it should be registered as communal family land, not only would the consent of the family be required but the conveyance would have to be submitted to the Land Commission (See Sec. 1281 of the A. S. Code) for its recommendation to the Governor, and the Governor would have to approve the conveyance in order to give it validity. See Sec. 1282 of the A. S. Code. Communal family land is owned by the family, not the matai.

In preparation for the conveyance to Otto, Faimalo had the land surveyed and offered it for registration. Otto wanted the boundary on the Fagatogo side of the land to be

conveyed to run "straight back" (as the witnesses said) from the Fagatogo-Leone highway adjoining the land on the east. In order to accomplish this desire of Otto, it was necessary to survey in a part of the adjoining land of Leomiti on the north, which was done, apparently, with the approval of the Leomiti.

Faimalo, who is 83 years old, testified that he and his father Alaia cleared the surveyed tract from the virgin bush before the Government was established in 1900; that the Faimalo Family had put in plantations on it, built houses on it, and occupied it until a short time ago when, at the request of the Pavaiai Village Council, Faimalo gave permission to the village to use the land for school purposes. There are several school buildings on the land at the present time which the judges saw when they viewed the land prior to the hearing.

Witnesses for Muagututia Faatamala testified that the land was cleared by Muagututia Tuvale, a brother of Faimalo, and that Muagututia Family members put in plantations on it, put up houses on it, and occupied it for many years, practically up to the time the village began to use it for school purposes. A number of witnesses for Muagututia Faatamala, who were familiar with the land over the years, testified that Faimalo had never had any houses on the surveyed tract and had not occupied it and used it for plantation purposes.

To establish that it was his individually-owned land and not communal land of the Faimalo Family, Faimalo relied upon the decision in the case of *Amituanai et al. v. Uo Sopoaga*, No. 18-1907, decided on May 13, 1911. In that case, Uo Sopoaga had surveyed a tract of land in the vicinity of Pavaiai which he called Olovalu. The surveyed land, according to the survey filed in the court record of the case, shows that the claimants to the surveyed land were Galoia, Toilolo, Muagututia, and Leatumauga.

The Court in Case No. 18-1907 made the following order:

"Let a decree therefore issue vesting the title of the lands in dispute in plaintiffs. The plaintiffs are advised to resurvey the property and present a proper plan showing the lands of each plaintiff to this Court for confirmation."

Amituanai was one of the plaintiffs. Faimalo claims that the surveyed tract came to him as an individual through a series of conveyances, beginning with Amituanai. However, such testimony means nothing, for there was no showing that there was a resurvey and that the Court in the No. 18-1907 case ever confirmed the title to any particular part of Olovalu in Amituanai. Furthermore, these so-called conveyances, if there were such, were obviously oral. Furthermore, such testimony, if true, would indicate that Alaia and Faimalo did not clear the land from the bush. It would indicate, instead, that it was cleared by Amituanai people.

Faimalo filed a war damage claim on the disputed land. In the claim he described himself as the owner in his capacity as a matai. In other words, he claimed that it was the communal land of the Faimalo Family, and not his individually-owned land. There was no Muagututia from 1935 to 1960, so, of course, Faimalo alone filed the claim.

The testimony in this case convinces the Court that the Faimalo Family and the Muagututia Families are very closely connected; that these two families have a number of common members. At least two of the five Muagututias were brothers of Faimalo, i.e. Muagututia Tuvale and Muagututia Tatupu. We believe from the evidence that members of both families have at various times occupied this land, had houses on it, and had plantations on it.

We believe from the evidence that the land in dispute was mostly cleared by Muagututia Tuvale but that some

240

Faimalo people also had a hand in the clearing. Chief Tuanaitau testified that Muagututia and Faimalo are lesser titles in the Tuanaitau Family. We have already said that we are convinced from the evidence that the two families are connected, and the testimony of Tuanaitau bears that out as well as the fact that two Muagututias were brothers of Faimalo. Sa's husband (she is the daughter of Muagututia Tuvale) was the head carpenter in putting up Faimalo's guest house. It is not necessary for us to set out all the evidence showing a connection between these two families.

It is our conclusion from the evidence that the surveyed land (excluding the Leomiti communal land surveyed in at the request of Otto) is communal family land and that such communal family land is the jointly-owned property of the Faimalo and Muagututia Families of Pavaiai, and that such land is not the individually-owned land of Faimalo.

However, we cannot order this land to be registered in this proceeding since a part of Leomiti communal family land is included in the survey.

Section 905 of the A. S. Code provides that:

"No title to land shall be registered unless the Registrar of Titles is satisfied that there is no conflicting claim thereto and *unless the description clearly identifies the boundaries of the land by metes and bounds* (emphasis ours)."

We know from the evidence that some Leomiti communal land was included in the survey on the Fagatogo side. However, when that land is excluded from the survey, as it must be, the true boundaries of the surveyed Muagututia and Faimalo communal land on the Fagatogo side are not described by metes and bounds.

If we were to order the surveyed tract to be registered, we would be conveying some of the Leomiti communal

family land to the Muagututia and Faimalo titles in violation of Sections 1281 and 1282 of the Code. Section 1282 requires a conveyance of communal family land to be approved by the Governor after (pursuant to Sec. 1281) it has been considered by the Land Commission and the Commission has made a recommendation to the Governor "respecting the approval or disapproval" of the conveyance. This Court cannot, by judicial edict, take a part of the Leomiti communal family land and hand it over to the Muagututia and Faimalo families. The application of Faimalo to register the surveyed land as his individually-owned land should be disapproved.

### ORDER

Accordingly, it is ORDERED that the application of Faimalo S. to register the land Laloata in the Village of Pavaiai as his individually-owned land be and the same is hereby disapproved. The Registrar of Titles will be advised of this order.

Costs in the sum of $50.00 are hereby assessed against Faimalo S., the same to be paid within 30 days.